# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PETER A. LAFONTAINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-464-RAW-KEW |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Peter A. LaFontaine (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on August 7, 1959 and was 53 years old at the time of the ALJ's decision. Claimant completed his education through the ninth grade. Claimant has worked in the past as a tire repair worker and a maintenance worker. Claimant alleges an inability to work beginning December 18, 2008 due to limitations resulting from hand, elbow, and back pain and one leg being shorter

3

than the other.

**Procedural History**

On April 18, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. An administrative hearing was held on December 6, 2012 before Administrative Law Judge ("ALJ") Doug Gabbard, II in McAlester, Oklahoma. On March 8, 2013, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review on August 29, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in failing to designate the frequency of Claimant's need to alternate between sitting and standing.

**RFC Assessment**

4

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disk disease of the back; essential hypertension; and bilateral ulnar neuropathy of the wrists and hands. (Tr. 18). The ALJ concluded that Claimant retained the RFC to perform light work except he could only occasionally stooping, grasping and fingering, and he must be allowed to alternately sit and stand throughout the workday. (Tr. 20). After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of ticket taker and parking lot attendant. (Tr. 26). As a result, the ALJ found Claimant was not disabled from April 18, 2011 through the date of the decision. Id.

Claimant contends the ALJ erred by failing to set forth in the decision the frequency of the requirement that Claimant alternate between sitting and standing while working. As stated, the ALJ specifically found Claimant "must be allowed to alternately sit and stand throughout the workday." (Tr. 20). In his hypothetical questioning of the vocational expert, the ALJ used the identical language in formulating Claimant's functional limitations. (Tr. 54-56).

This Court finds persuasive the reasoning in Carrell v. Colvin, 2014 WL 4854693, 3 (E.D. Okla.). In that case, the ALJ

used the identical language as in this case in setting the limitation for a sit/stand option "throughout the workday." Citing to <u>Vail v. Barnhart</u>, 84 Fed. Appx. 1, 4 (10th Cir. 2003), the court found "[p]recisely how long a claimant can sit without a change in position is also relevant to assumptions whether [s]he can perform light work" despite the limitation of Soc. Sec. R. 96-9 to sedentary work, citing 20 C.F.R. § 404.1567(b).

This Court also found that this requirement was consistent with Soc. Sec. R. 83-12 pertaining to questioning of a vocational expert on the sit/stand option. This Rule provides in pertinent part

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.) [M]ost jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand,

> a[VE] should be consulted to clarify the implications for the occupational base.

(Program Policy Statement-103) 1983 WL 31253, 4.

The ALJ sought no such clarification from the vocational expert in his hypothetical questioning in this case. Moreover, the inclusion of the phrase "throughout the workday" cannot be equated with "at will" as Defendant suggests. <u>Verstraete v. Astrue</u>, 2013 WL 238193, 5 (D. Kan.)("[T]he ALJ's RFC findings failed to specifically indicate the frequency of plaintiff's need to alternate sitting and standing. The court will not imply such a finding by the ALJ, especially given that any specific finding by the ALJ would have to be supported by evidence in the record.").

On remand, the ALJ shall specifically state the required frequency of the requirement that Claimant alternate between sitting and standing. Additionally, the ALJ shall include this frequency in his hypothetical questioning of the vocational expert such that the expert may clarify the effect of such a requirement upon his occupational findings.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social

Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of October, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE